OBEDIAH CHASTAIN, plaintiff in error, vs. THE TOWN COUN-
CIL OF CALHOUN, defendant in error.

A. took out a license from the State, to retail spirits in Gordon county, in No-
vember, 1858. In December thereafter the Legislature passed an Act author-
izing and empowering the common council of Calhoun, in said county, to
levy and collect a tax, not less than one hundred dollars, upon any retail
establishment, &c, in that place.

*Held*, That the statute was not intended to apply to one who had already paid
the State, for the privilege of retailing.

Certiorari, in Gordon Superior Court.   Decision by Judge
Crook, April Term, 1859.

This was a certiorari sued out by Obediah Chastain, against
the Town Council of Calhoun, to reverse certain proceedings
of said Council, imposing and levying a tax of one hundred
dollars on petition.

The facts of the case are as follows:  On the 18th day of
November, 1858, Chastain obtained from the Clerk of the
Inferior Court, of the county of Gordon, a license to retail
spirituous liquors in said county, for the term of one year
from the date thereof, for which he paid the license fee of
$5 00.   On the 11th December, 1858, the General Assembly
passed an Act, authorizing said Town Council of Calhoun
to impose a " corporation tax not exceeding one hundred
dollars, upon any and all retail establishments, for the retail
of spirituous, malt, or intoxicating liquors of any kind,
within the corporate limits of said town of Calhoun, and
that all conflicting laws are hereby repealed."

Under the authority of this Act, the Town Council, on the
14th January, 1859, passed an ordinance imposing a tax of
one hundred dollars on all persons then retailing, or who
might thereafter retail liquors within the corporate limits of
said town.   The Marshal of said town proceeded to col-
lect said tax of one hundred dollars out of Chastain, and he

Chastain vs. Town Council of Calhoun

refusing to pay the same, an execution was issued and levied upon his property.

At the hearing, the Judge of the Superior Court dismissed the certiorari, and affirmed the proceedings of respondents— the said Town Council. To which decision counsel for Chastain excepted.

FRANCIS, for plaintiff in error.

DABNEY, contra.

By the Court.—LUMPKIN J. delivering the opinion.

The plaintiff in error had, previous to the passage of the Act of 1st December, 1858, obtained from the State, a license to retail spirituous liquors, in all and every part of Gordon county; consequently, in the town of Calhoun, the place of his residence, where he prosecuted his business. He was in the exercise of this right, when the *additional* corporation tax of one hundred dollars was imposed upon him.

If the Act admits of two interpretations, and we think it does, that should be adopted most favorable to the tax payer. The Town Council of Calhoun were authorized and empowered to impose a corporation tax of any amount not exceeding one hundred dollars, upon any and all retail establishments, &c. (See *Pamplet Acts*, 1858, *page* 130.) It is undoubtedly true, that the language of the statute is comprehensive enough to include those already selling under a license; but it does not necessarily apply to such. And we think it more consonant to principle to hold, that the power delegated to the corporation was only intended to be exercised when the State authority, over the subject of retailing, was withdrawn, as it will be when the present license expires.

To hold otherwise would involve this anomally. Calhoun would be the only place in the State where a citizen

would be double-taxed for the privilege of retailing spirits. The general law withdraws the jurisdiction of the State as to retail licenses, from all those towns which by law have the authority to levy a corporation tax upon this business.

When Chastain entered upon his traffic, he had no right to anticipate the imposition of this heavy additional tax; and he is involved in this dilemma namely: either to relinquish the money which he has expended, and the business also in which he has invested his means, or to pay an additional sum of one hundred dollars, for the privilege of prosecuting a pursuit which he supposed he had already paid for. Give him an opportunity when his present license expires, to decide whether he will continue in the trade with this superadded tax, or abandon it for some other. This is fair play.

By the literal reading of the law, the tax of one hundred dollars might be assessed, regardless of time, as an income tax upon property or professions; and such may have been the meaning of the Assembly; but such, we apprehend, was not their meaning. There is so much obscurity in the Act that it requires construction, and cannot well be inforced without it. The interpretation we have put upon it, we believe to be the most reasonable and just.

Judgment reversed.